IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REGINALD JOHNSON,** | : | **CIVIL ACTION** |
| Petitioner | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| **JOHN PALAKOVICH, et al.,** | : | |
| Respondents. | : | **NO. 04-5575** |

## MEMORANDUM AND ORDER

PRATTER, J.                                                                                                            SEPTEMBER 12, 2007

Reginald Johnson has filed a Motion to Alter or Amend (Docket No. 31) the Judgment of the Court, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure,[1] denying his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[2] Rule 59(e) permits a party to move

---

[1] Approximately two weeks after Mr. Johnson filed the instant motion, he filed a notice of appeal with the Third Circuit Court of Appeals. However, because the instant motion remained pending in this Court, the Court of Appeals issued an order staying Mr. Johnson's appeal pending disposition of this motion.

[2] The Court will not here recite in toto the facts of this case, but will provide a brief summary of the relevant factual and procedural background. Mr. Johnson was convicted by a jury in the Philadelphia Court of Common Pleas on September 22, 1997, of three counts of robbery, criminal conspiracy, and possessing an instrument of crime. His conviction resulted from events transpiring during the early morning hours of September 10,1996, when Mr. Johnson and a co-conspirator, Anthony Fitten, robbed three men at gunpoint as the victims were leaving a nightclub.
      On November 20, 1997, Mr. Johnson was sentenced to a total of 37 ½ to 75 years in prison. He timely appealed his conviction through the Commonwealth courts, and timely filed a petition pursuant to the Post Conviction Relief Act, 42 Pa. Cons. Stat. Ann. § 9541 et seq. Mr. Johnson did not obtain relief via these avenues, and thus, he filed a Petition for federal habeas corpus relief.
      Therein, Mr. Johnson claimed four grounds for relief from his conviction and sentence: (1) prosecutorial misconduct; (2) insufficiency of the evidence; (3) ineffective assistance of counsel for failing to preserve and appeal the issue of juror misconduct; and (4) administration of an excessive sentence. On June 8, 2007, this Court adopted the Report and Recommendation of the Honorable Carol Sandra Moore Wells, and dismissed the petition. The present motion ensued.

to alter or amend a court's judgment within ten days of entry. Fed. R. Civ. P. 59(e). Therefore, to be timely, a Rule 59(e) motion must be filed within ten days of entry of judgment. This "ten day period is jurisdictional, and 'cannot be extended in the discretion of the district court.'" Smith v. Evans, 853 F.2d 155, 157 (3d Cir. 1988) (quoting de la Fuente v. Cent. Elec. Coop., Inc., 703 F.2d 63, 65 (3d Cir. 1983) (per curiam) (quoting Gribble v. Harris, 625 F.2d 1173, 1174 (5th Cir. 1980) (per curiam))).³

The Court's Order denying Mr. Johnson's § 2254 habeas petition was dated as of June 8, 2007, and filed with the Clerk of the Court on June 11, 2007, but was not entered on the docket until June 12, 2007. (Docket No. 30). June 12, 2007 is the pertinent date – the date of entry of the judgment – for Rule 59(e) purposes. Mr. Johnson's Rule 59(e) motion was received by the Clerk of Court and filed on June 25, 2007 – 13 days after the Judgment was entered. Based solely on the date the motion was filed, it would appear that Mr. Johnson's Rule 59(e) motion is untimely. If the Mr. Johnson's motion is untimely, the Court does not have jurisdiction to entertain the arguments he has presented therein.

However, because Mr. Johnson is an inmate confined to correctional institution, who is

---

³ Mr. Johnson's motion clearly states that he seeks relief pursuant to Rule 59(e). He cites Rule 59(e) in the motion and calls it a "motion to alter or amend." However, the Court acknowledges that the "function of the motion, not the caption, dictates which Rule applies." Smith, 853 F.2d at 158 (citing Turner v. Evers, 726 F.2d 112, 114 (3d Cir. 1984). Mr. Johnson's motion alleges no more than legal error and merely reiterates the arguments contained in his habeas petition and the various other documents he submitted in support of his petition. Thus, it is clear that the purpose of the motion is to "relitigate the original issue." See Pittsburgh Terminal Corp. v. Baltimore & Ohio R.R., 824 F.2d 249, 253 (3d Cir. 1987) (describing a Rule 59 motion as a "device to relitigate the original issue"). Accordingly, the Court will treat Mr. Johnson's motion as having been filed appropriately pursuant to Rule 59(e), and not, for example, as having been filed under Rule 60(b), which does not share Rule 59(e)'s rigid, 10-day filing requirement. See Fed. R. Civ. P. 60(b) (requiring that motions pursuant to that Rule shall be filed "within a reasonable time").

proceeding pro se, he is afforded the leniency of the "prisoner mailbox rule." This "rule" generally provides that a motion is deemed filed by a pro se prisoner at the moment of delivery of his papers to prison officials for mailing to the district court. See Houston v. Lack, 487 U.S. 266, 56 (1988). Mr. Johnson did not date his motion and did not include any information from which the Court could deduce precisely when Mr. Johnson delivered his motion to prison officials for mailing. Regretfully, the Clerk of the Court no longer possesses the original copy of the motion or the envelope in which Mr. Johnson mailed his motion for filing with the Court. If this envelope was available, the postmark presumably would reveal when the United States Postal Service received Mr. Johnson's submission. Thus, the Court in unable to affirmatively determine when Mr. Johnson actually delivered his motion to prison officials, and officially "filed" his motion, for purposes of applying the "prisoner mailbox rule."

Mr. Johnson's motion was processed and filed by the Clerk of the Court on Monday, June 25, 2007, 13 days after entry of the judgment he seeks to dispute. The courthouse does not conduct business on Saturday or Sunday. Therefore, for the motion to have arrived at the courthouse on Monday, it is possible (arguably, even probable), that Mr. Johnson delivered his motion to prison officials on (or before) Friday, June 22, 2007, and that prison officials placed the motion in the mail on that date or on Saturday, June 23, resulting in a Monday, June 25 delivery and filing. If this is accurate, then Mr. Johnson's motion would be "deemed" filed as of June 22, 2007, and his motion would be timely.

However, even assuming, arguendo, that Mr. Johnson's Rule 59(e) motion was timely filed, the Court finds that the motion lacks merit. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v.

3

Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999).

     In his motion, Mr. Johnson does not present new evidence nor does he suggest a change in controlling law that would warrant a reversal of the Court's previous decision.  He argues instead that the Court's dismissal of his habeas petition was based on misinterpretations of the United States Supreme Court's rulings and misunderstanding of the evidentiary record in this case.  Specifically, Mr. Johnson claims that the Court (1) erred by denying him a new trial or an evidentiary hearing based on his claim of juror misconduct; (2) misinterpreted the evidentiary record in deciding that his trial was not constitutionally flawed under Brady v. Maryland, 373 U.S. 83 (1963), and (3) made a prejudicially erroneous ruling by denying him an evidentiary hearing.

     A thorough review of Mr. Johnson's Rule 59(e) motion in conjunction with his original habeas petition and the documents submitted in support thereof reveal that Mr. Johnson's arguments in favor of reconsideration are simply reiterations of the exact same arguments that he has presented previously, and which the Court has rejected.  It is clear that "[a] motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant."  Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002).  This is clearly the undertaking

within the current motion. "Because federal courts have a strong interest in finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In this case, Mr. Johnson has not presented circumstances that warrant reconsidering the Court's previous decision. Accordingly, **IT IS ORDERED** that Reginald Johnson's Motion to Alter or Amend (Docket No. 31) is **DENIED**. There is no basis for the issuance of a certificate of appealability.

S/Gene E.K. Pratter
GENE E. K. PRATTER
UNITED STATES DISTRICT JUDGE
